PER CURIAM.
This is an appeal from a determination of who is entitled to the real estate commission on the sale of a Palm Beach property. Commander, an attorney, served as co-trustee of the property for a group of German investors. His firm (Commander P.A.) provided some consultation services and his real estate company (3 Bridges) performed some, negotiations with potential buyers of the property. Commander, as the registered real estate agent of 3 Bridges, negotiated unsatisfactorily with a few buyers. The ultimate buyers were a third party brought directly to the attention of the German investing group by McCann-Coyner-Clarke Real Estate, Inc. (McCann). At the request of the German investors, Commander P.A. negotiated the land sale contract and performed the closing.
The sale resulted in a $300,000 real estate commission. Aftér closing, Commander P.A. filed an interpleader for the court to determine whether the $300,000 should go to McCann or 3 Bridges. McCann filed' claims against Commander, individually and as trustee, the co-trustee, and 3 Bridges. The trial court decided that McCann was entitled to the commission. On McCann’s claims it ruled that 3 Bridges was liable for tortious interference with contract and Commander was personally liable for the interference as- well. McCann also asked for attorney’s fees based on a clause in the land sale contract, for . which the court held Commander personally liable. We reverse.the ruling that Commander is personally liable for attorney’s fees. We affirm the judgment in all other respects..
The trial court granted attorney’s fees to McCann under a provision of the land sale contract that said “the prevailing party ... shall be entitled to recover from the non-prevailing party reasonable attorney’s fees, costs and expenses.” The trial court found Commander, as trustee, liable as the non-prevailing party, and then imposed personal liability on him under section 737.306(l)(a), Florida Statutes (2001).
However,- Commander, as trustee, was not a non-prevailing party in any aspect of *118 this litigation. 3 Bridges and McCann were the two parties disputing the commission in the original interpleader action initiated by Commander, P.A. Commander, as trustee, was not an original party. As seller-trustee, he had to give the $300,000 to whichever party the court determined. In this situation, Commander, as trustee, was disinterested in the outcome. Furthermore, the trial court did not enter any judgment against Commander as trustee in any of McCann’s claims. Therefore, Commander, as trustee, was not a non-prevailing party within the meaning of the attorney’s fee clause of the land sale contract.
Even if Commander, as trustee, were the non-prevailing party, section 737.306 cannot be interpreted as creating personal liability in this situation. Section 737.306(l)(a) provides that trustees may be personally liable for contracts for attorney’s fees. We read this to mean a contract for attorney’s fees such as would occur if Commander had actually hired an attorney during the course of his administration of the trust.
The attorney’s fees provision of the land sale contract was an agreement between the parties allocating attorney’s fees if any litigation should arise concerning the contract. It was not a contract for attorney’s fees in and of itself. Commander makes the public policy argument that holding such clauses to be attorney’s fee contracts within the meaning of section 737.306(1) (a) would have the effect of opening trustees to personal liability under every contract containing an attorney’s fee clause. We agree. Construing any such contract, regardless of subject matter, as a contract for attorney’s fees would open trustees to nearly unlimited personal liability for attorney’s fees. Such a result would seriously restrict the number of people willing to serve as trustees.
In conclusion, we reverse Commander’s personal liability as a trastee, but affirm in all other respects.
AFFIRMED IN PART, REVERSED IN PART.
GUNTHER, STEVENSON and MAY, JJ., concur.